Catron, Ch. J.
delivered the opinion of the court.
We are called upon to give a construction to the act of 1789, ch. 23, sec. 4. The act provides, that creditors of persons deceased shall make demand and bring suit against the administrator, within two or three years (according to residence of the creditors,) after the qualification of the executor or administrator; otherwise, such creditor shall be forever barred. Does this provision applytodebtsnotdue at the time the administrator qualifies? The legislature obviously referred to de *319 mands subject to be sued upon and recovered; and were we to construe the statute strictly, we should say it applied-tó no demand not due at the time; yet such we do not apprehend to have been the intention of the legislature; it was to protect the property and estate of the deceased from all claims not demanded and sued for within two years after there was a representative subject to be sued, and a creditor capable of suing. The time to form the bar commences with the capacity to sue. So the ordinary act of limitations has been construed. Had this been an unsealed note, not due at the death of Penn, and five years after Bradford had administered, still the debt would not have been barred, although the act of 1715 declares, that suit shall be brought within three years next after the cause of action has accrued. The courts have construed the acts sensibly, by saying there was a subsisting demand, not subject to be sued against any one, and no cause of action in fact against the administrator, until he gave cause by becoming the representative and acquired thereby the goods of the deceased; that the legislature did not intend to impose on the creditor the performance of an impossibility. Cooper’s Eq. 253. 2 Starkie’s Ev. 890.
The statute of 1789 also provides, that if the creditor delay at the request of the administrator, he shall not be barred during the time of the indulgence. The administrator adopts the contracts and binding acts of the deceased, whom he represents; he is bound by the indulgence granted to the deceased by the contract, just as much as if the creditor had extended additional indulgence to himself; and it would be no unreasonable construction to say, that the indulgence extended until the debt fell due, is within the meaning of the clause. The ground here assumed is fairly deducible from the principle adjudged in Chandler vs. Vilett, 2 Saunders’ Rep. 120. We perceive no error in the judgment below.
Judgment affirmed.